IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-CR-00562-JB |
| vs. | ) | |
| | ) | |
| **JAIME VALDEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S OPPOSED MOTION TO SEVER COUNT 3 (DOC. 101)**

The United States of America, through its undersigned counsel, hereby responds to Defendant's Opposed Motion to Sever Count 3 (Doc. 101) (hereinafter "Motion to Sever"). The United States requests this Court deny Defendant's motion for the following reasons:

## I. PROCEDURAL BACKGROUND

On April 22, 2021, a federal grand jury returned a three-count indictment against Jaime Valdez ("Defendant") alleging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute 50 grams or more of methamphetamine; 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime; and 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition.

On June 29, 2022, the defendant filed a motion for severance under Federal Rule of Criminal Procedure 14, seeking to sever count 3 of the superseding indictment from the other counts (Doc. 101).

## II. STATEMENT OF FACTS

Defendant threw his bag into a stranger's yard. The following morning (February 20, 2021), he returned to this location and asked to retrieve his bag that he had thrown into J.B.'s yard while running from someone. J.B. retrieved it for him; however, Defendant remained in the neighborhood. Some hours later, J.B. was getting ready to leave and saw Defendant again. Out of concern J.B. called the police and provided a description. Deputies located Defendant in the area, who matched the description, including that he was carrying a duffle bag. Deputies conducted a pat-down and located a pistol in Defendant's jeans pocket. Deputies learned that Defendant had active felony warrants for his arrest. Deputies arrested him on the warrants. While searching the duffle bag, deputies located two packages that contained methamphetamine, unused sandwich bags, and a digital scale. Testing of the substance revealed 859.8 grams of pure methamphetamine. The firearm in Defendant's pocket was a loaded Ruger EC9s 9mm pistol. Defendant also had an additional magazine loaded with seven rounds in his other pocket. All of the ammunition found on Defendant's person was 9mm caliber. Defendant was also in possession of $2,560 in U.S. currency in his pocket. At the time that Defendant possessed the firearm, he had been convicted of felony crimes.

## III. DISCUSSION

In the Motion to Sever, Defendant argues that it would be "too prejudicial" for the jury to hear of Defendant's prior felony convictions if tried along with Counts 1 and 2 of the indictment. *Motion to Sever*, page 3. Defendant does not contest that the three counts are of a same or similar character. The United States therefore construes this to mean that Defendant does not contest that joinder was appropriate under Fed. R. Crim. P. 8(a) ("The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or

transaction, or are connected with or constitute parts of a common scheme or plan"). While offenses may be joined pursuant to Rule 8, the district court retains authority to grant severance under Fed. R. Crim. P. 14 if the defendant or the government will be prejudiced by joinder of the offenses. This response therefore focuses on Defendant's argument of prejudice.

The Tenth Circuit construes Rule 8 broadly to permit liberal joinder to enhance the efficiency of the judicial system. *United States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir. 1997). Trial courts must weigh any potential prejudice "against the obviously important considerations of economy and expedition in judicial administration." *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994) (internal quotations omitted). "[T]his is an area in which the trial judge's discretion is very broad. Thus, we will not reverse absent a strong showing of prejudice, which means that "[d]efendant's burden to show an abuse of discretion is a difficult one." *United States v. Wiseman*, 172 F.3d 1196, 1211 (10th Cir. 1999) (citing *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991)). To establish abuse of discretion, the defendant must demonstrate that actual prejudice resulted from the denial of the motion for severance. *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992). "'Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' [of damaging evidence] ... is sufficient to warrant severance." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992).

Moreover, where counts are separate and distinct and the evidence presented at trial is not confusing or unfairly overlapping such that the case for each count is strong enough on its own, there is no cause for severance. *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). *See*

*also United States v. Hardwell*, 80 F.3d 1471, 1486-87 (10th Cir. 1996) (upholding denial of severance where evidence was sufficiently strong so that any spillover effect was not prejudicial).

The Tenth Circuit has rejected the same claim Defendant Ortiz raises herein. In *United States v. Parra*, 2 F.3d 1058, 1062 (10th Cir. 1993), the defendant argued that the district court erroneously denied his request for severance of the illegal alien in possession counts from the drug trafficking and other firearm charges because their joinder prejudiced him in that the jury may have improperly presumed his guilt on the drug charges based on his status as an illegal alien. Noting that the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials, the Court upheld the district court's decision, finding that the defendant failed to demonstrate that the alleged prejudice he suffered outweighed the expense and inconvenience of separate trials. *Id*. (citing *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992) (citations omitted).

Other courts have also rejected this claim. In *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007), the Ninth Circuit found no abuse of discretion with the trial court's denial of the defendant's motion to sever felon in possession and illegal alien in possession charges from drug charges. The court concluded that the defendant's status as a felon and an illegal alien was not manifestly prejudicial because the defendant stipulated to his status and because the evidence of the prior convictions was strong. *Id*. (citing *United States v.* Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986) (defining "manifestly prejudicial" as "of such magnitude that the defendant's right to a fair trial was abridged"). The court also found that the evidence of each charge was extensively interrelated and, thus, reasonably consolidated into one trial. *Lopez*, 477 F.3d at 1116.

Additionally, in *United States v. Malachowski*, 604 F.Supp.2d 512, 517-18 (N.D. New York 2009), the trial court denied the defendant's motion for severance of gun and illegal alien in possession charges from immigration charges based on its finding that the alleged conduct was either based on the same transaction or constituted part of a common scheme. The court rejected the defendant's argument that the illegal alien in possession count was unfairly prejudicial, finding that judicial efficiency concerns far outweighed the minimal prejudice to the defendant from the joining of all counts. *Id*.

The Tenth Circuit has also consistently upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes. *United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (felon in possession and robbery); *Cox*, 934 F.2d at 1119-20 (felon in possession and drugs). *Jones* is instructive as it involves a similar challenge and nearly identical charges to the case herein. In *Jones*, the defendant appealed the district court's refusal to sever counts charging him as a felon in possession of firearms and ammunition from the other counts, including Hobbs Act and an 18 U.S.C. § 924(c) charge. *Jones*, 213 F.3d at 1260. The defendant argued that the court's refusal to sever was unfairly prejudicial because it permitted the jury to learn of his history as a felon when that history would otherwise have been inadmissible for the other counts. *Id.* The Court held that joinder of the firearm and ammunition status offenses with the substantive robbery charges was proper under Rule 8, because they were connected to the defendant's participation in the robberies for which he was charged. *Id.* The Court also held that because the charges stemmed from the defendant's own conduct and the defendant's prior conviction was not given unnecessary or undue emphasis at trial, the joinder of counts was not prejudicial. *Id*. at 1260-61. The Court also found no prejudice since the defendant

stipulated to his prior felony conviction, thereby shielding the prejudicial details of the conviction from the jury, and the court also issued a limiting instruction. *Id*. at 1261.

Likewise, in *United States v. Martinez*, 2003 WL 22376830, at *7 (10th Cir. Oct. 17, 2003) (unpublished opinion), the Tenth Circuit upheld the trial court's denial of the defendant's motion to sever counts based on his claim that joinder of the felon in possession count with the robbery counts prejudiced him in that such joinder would lead the jury to infer that the defendant had a criminal disposition and was thus likely to have committed the robberies. The Court found that because the evidence of each charge was separate, not confusing, and strong, severance was unwarranted. *Id.* Defendant makes the same argument in his Motion to Sever. Severance is likewise unwarranted because each charge in this case is also separate, distinct, not confusing or unfairly overlapping, and is strong enough on its own.

Defendant does not satisfy the heavy burden to prove that he will be prejudiced if all counts are joined. *Wiseman*, 172 F.3d at 1211. He cites nothing concrete to show how his felon status will "spill over" and damage his credibility before the jury or will prevent him from adequately presenting a defense on the other charges. He cites to no Tenth Circuit authority in support of his position. He simply makes the conclusory statement "The charge of felon in possession of a firearm places Mr. Valdez in a position wherein he faces prejudice as the jury will conclude that he must be guilty of the charged drug offenses simply because he is a convicted felon." *Motion to Sever*, page 3. This mere allegation is not enough to warrant severance. *Levine*, 983 F.2d at 167.

There is minimal likelihood of "spillover" in this case. The remaining counts charging trafficking a controlled substances and a violation for the possession of a firearm in furtherance

of a drug trafficking crime are all separate, distinct and clear. *Muniz*, 1 F.3d 1018, 1023; *Martinez*, 2003 WL 22376830, at *7. The evidence of the Defendant's commission of these crimes is strong, and the charges stand on their own. *Id*. Defendant does not allege otherwise.

However, if there were any "spillover," any potential prejudice in connection with Defendant's felon status can be remedied by the Defendant's stipulation to his status and knowledge of his status at trial, thereby removing this background from the jury's consideration. The Tenth Circuit has said that no prejudice necessitating severance results where the mention of a prior conviction is brief and limited to the fact of conviction. *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) (no details of prior offense were presented to the jury as the conviction was established through testimony of probation officer and introduction of certified copy of the judgment). Similar to the defendants in *Jones* and *Valentine*, "there [is] no essential unfairness" in the evidence that will be placed before the jury in this case because "the relationship of the charges grew out of the defendant's own conduct." *Valentine*, 706 F.2d at 290 (district court affirmed the denial of a motion to sever firearms counts from narcotics counts for trial). A stipulation to Defendant's felon status and knowledge of that status can likewise avert any potential prejudice herein.

Even assuming, arguendo, there is potential for prejudice here, this Court can minimize that potential with a limiting instruction. The Court can issue a limiting instruction to the jury and can further advise the jury to separately consider the evidence as to each count, as follows:

> A separate crime is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

> Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

Defendant also argues that because *Rehaif v. United States*, 139 S.Ct. 2191 (2019), held that the United States must prove that Defendant knew he belonged to the category of persons barred from possession of firearms (felons in the instant case), the evidence that the United States must now present "would result in the introduction of unduly prejudicial evidence that would not be admissible in a trial on Counts 1 and 2." *Motion to Sever*, page 5.

While *Rehaif* added an element to what the United States must prove for a violation of 18 U.S.C. §922(g)(1), it did not change the analysis regarding severance. Stipulations and/or limiting instructions remain adequate remedies. See *United States v. Mazon*, No. 1:18-cr-2208-JCH-1, 2020 U.S. Dist. LEXIS 52139, at *13 (D.N.M. Mar. 25, 2020) ("*Rehaif* did not appear to alter the Court's tools to minimize risk, including issuing appropriate limiting instructions admonishing the jury to consider the evidence for appropriate purposes only and to consider each charge separately."). Just as in *Mazon*, the counts here arise from the same event. Even if Defendant declines to stipulate regarding his felon status or knowledge of that status, the felon in possession of a firearm charge does not need to be severed. Whether or not Defendant chooses to stipulate to his status and knowledge, jurors can adequately consider a precautionary instruction and the Court can limit the presentation of the Government's evidence, if appropriate. *Id.*

<u>10th Cir. Pattern Jury Instructions (Criminal),</u> 1.22, p. 37.

It is a principle of law that a jury is presumed to follow its instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); and *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Under Fed. R. Crim. P. 8, the charges are properly joined because they are based on the same transactions and/or the common scheme – all conduct charged occurred on the same day, in the same location, and involves evidence located in the Defendant's possession. Thus, they are properly joined in one indictment. *Malacowski*, 604 F.Supp.2d at 517-18; *Jones*, 213 F.3d at 1260.

The interests of judicial economy and efficiency are not served by a severance of the counts. *Johnson,* 130 F.3d at 1427; *Dirden*, 38 F.3d at 1140. Severing the felon in possession count would require the presentation of much of the same evidence in two trials, and would be a waste of judicial and prosecutorial resources. Much of the evidence required to prove the Defendant's possession of the firearm would be repeated for the proof required for the remaining charges, and would, thus, be an unnecessary duplication of effort, because the charges are all part of the same scheme, and particularly because Defendant cannot prove that he will be prejudiced by their joinder, especially where a remedy for any potential prejudice is available: stipulation to his felon status and knowledge of that status, and a request for a limiting instruction. Defendant cannot overcome the heavy burden to prove that any alleged prejudice from a single trial of all counts would outweigh the expense and inconvenience of separate trials. *Parra*, 2 F.3d at 1062. Therefore, Defendant is not entitled to severance of the counts.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny Defendant's Motion to Sever Count 3 (Doc. 101).

Respectfully submitted,

ALEX M.M. UBALLEZ
United States Attorney

/s/ Nora Wilson

NORA WILSON
Assistant United States
Attorney P.O. Box 607
Albuquerque, New Mexico
87103 (505) 346-7274
(telephone) (505) 346-6887
(facsimile)

I hereby certify that on July 5, 2022, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**Electronically filed July 5, 2022**
NORA WILSON
Assistant United States Attorney